Stuart's, LLC v Edelman (2021 NY Slip Op 04569)





Stuart's, LLC v Edelman


2021 NY Slip Op 04569


Decided on July 28, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 28, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2018-12893
 (Index No. 12560/09)

[*1]Stuart's, LLC, et al., respondents, 
v
Stuart Edelman, et al., defendants, Michael Hong, appellant.


Law Offices of Rudy A. Dermesropian, LLC, New York, NY, for appellant.



DECISION & ORDER
In an action, inter alia, to recover damages for tortious interference with contract, the defendant Michael Hong appeals from a judgment of the Supreme Court, Nassau County (Vito M. DeStefano, J.), entered August 22, 2018. The judgment, insofar appealed from, upon a decision of the same court dated April 9, 2018, made after a nonjury trial, is in favor of the plaintiff Stuart's, LLC, and against the defendant Michael Hong in the principal sum of $1,436,128.
ORDERED that the judgment is modified, on the law and the facts, (1) by deleting the provision thereof awarding the plaintiff Stuart's, LLC, the principal sum of $543,689 against the defendant Michael Hong as damages for tortious interference with business relations, and substituting therefor a provision dismissing that cause of action insofar as asserted by the plaintiff Stuart's, LLC, against the defendant Michael Hong, and (2) by deleting the provision thereof awarding the plaintiff Stuart's, LLC, the principal sum of $719,064 against the defendant Michael Hong as damages for unfair competition, and substituting therefor a provision dismissing that cause of action insofar as asserted by the plaintiff Stuart's, LLC, against the defendant Michael Hong; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.
This appeal arises from a dispute in connection with the alleged diversion of assets and business from one clothing and apparel distributor, the plaintiff Stuart's, LLC (hereinafter Stuart's), to another, the defendant Level 8 Apparel, LLC (hereinafter Level 8). Stuart's alleged, among other things, that the defendant Michael Hong was an employee of Stuart's until February 24, 2009, and was also a principal of Level 8, and that Hong, along with several other individual defendants, wrongfully diverted business and assets away from Stuart's to Level 8. Stuart's and its principal, Wayne Galvin, commenced this action against, among others, Hong. As relevant to this appeal, the tenth cause of action sought damages for tortious interference with contract, the twelfth cause of action sought damages for tortious interference with business relations, and the thirteenth cause of action sought damages for unfair competition.
Following a nonjury trial, in a decision dated April 9, 2018, the Supreme Court, inter alia, found that all of the defendants had (1) tortiously interfered with a contract between Stuart's and nonparty Tumi, Inc. (hereinafter Tumi), damaging Stuart's in the amount of $173,375; (2) tortiously interfered with Stuart's business relationship with nonparty Aeropostale, Inc. (hereinafter Aeropostale), damaging Stuart's in the amount of $543,689; and (3) engaged in unfair competition with Stuart's, damaging Stuart's in the amount of $719,064. The court entered a judgment on [*2]August 22, 2018, inter alia, in favor of Stuart's and against Hong in those principal amounts. Hong appeals.
In reviewing a determination made after a nonjury trial, the power of this Court "is as broad as that of the trial court and . . . it may render the judgment it finds warranted by the facts, taking into account in a close case the fact that the trial judge had the advantage of seeing the witnesses" (Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [citations and internal quotation marks omitted]).
To recover damages for tortious interference with contract, the plaintiff must prove the existence of a valid contract with a third party, the defendant's knowledge of that contract, the defendant's intentional and improper procurement of a breach of that contract, and damages (see 106 N. Broadway, LLC v Lawrence, 189 AD3d 733, 740; Rose v Different Twist Pretzel, Inc., 186 AD3d 631, 632; Ferrandino & Son, Inc. v Wheaton Bldrs., Inc., LLC, 82 AD3d 1035, 1036). Here, the facts adduced at trial warranted the Supreme Court's finding that Hong tortiously interfered with Stuart's contract with Tumi. Specifically, the trial record reflected: (1) the existence of a valid licensing agreement between Stuart's and Tumi; (2) Hong's knowledge and awareness of Stuart's licensing agreement with Tumi; (3) Hong's intentional procurement of Tumi's breach of that agreement without justification by Hong's actions in conspiring with several defendants to transfer the licensing agreement with Tumi from Stuart's to Level 8; and (4) damages as a direct result of the aforementioned conduct. To the extent that Hong relies upon his own trial testimony which was contradictory to evidence presented by the plaintiffs, the court found his testimony in this regard to be not credible. Based upon our review of the evidence and testimony, we find no basis to disturb the court's credibility determination (see generally Garcia v Garcia, 187 AD3d 859, 863; Moshell v Alter, 186 AD3d 702, 703).
"To prevail on a claim for tortious interference with business relations, a party must prove: (1) that it had a business relationship with a third party; (2) that the defendant knew of that relationship and intentionally interfered with it; (3) that the defendant acted solely out of malice or used improper or illegal means that amounted to a crime or independent tort; and (4) that the defendant's interference caused injury to the relationship with the third party" (106 N. Broadway, LLC v Lawrence, 189 AD3d at 741; see 684 E. 222nd Realty Co., LLC v Sheehan, 185 AD3d 879, 879-880). "While a cause of action for interference with prospective contract or business relationship is closely akin to one for tortious interference with contract, the former requires proof of more culpable conduct on the part of defendant" (106 N. Broadway, LLC v Lawrence, 189 AD3d at 740; see Carvel Corp. v Noonan, 3 NY3d 182, 189-190). "This standard is met where the interference with prospective business relations was accomplished by wrongful means or where the offending party acted for the sole purpose of harming the other party" (Law Offs. of Ira H. Leibowitz v Landmark Ventures, Inc., 131 AD3d 583, 585; see 106 N. Broadway, LLC v Lawrence, 189 AD3d at 733). "Wrongful means" has been defined to include "physical violence, fraud or misrepresentation, civil suits and criminal prosecutions, and some degrees of economic pressure" (Carvel Corp. v Noonan, 3 NY3d at 191 [internal quotation marks omitted]). "[A]s a general rule, the defendant's conduct must amount to a crime or an independent tort. Conduct that is not criminal or tortious will generally be 'lawful' and thus insufficiently 'culpable' to create liability for interference with prospective contracts or other nonbinding economic relations" (id. at 190; see Law Offs. of Ira H. Leibowitz v Landmark Ventures, Inc., 131 AD3d at 586). In addition, conduct which is motivated by economic self-interest cannot be characterized as solely malicious (see Law Offs. of Ira H. Leibowitz v Landmark Ventures, Inc., 131 AD3d at 586).
The Supreme Court's determination that Hong tortiously interfered with Stuart's business relations with Aeropostale was not warranted by the facts. The court made no specific findings of fact or credibility determinations concerning this cause of action and Hong individually, and the trial record reflects a lack of incriminating evidence that Hong used "wrongful means" to interfere with Stuart's business relationship with Aeropostale. Furthermore, to the extent that the court tacitly concluded that Hong's conduct harmed Stuart's business relationship with Aeropostale, any such conduct would presumably have been motivated by Hong's economic self-interest, and cannot be characterized as solely malicious (see Tri-Star Light. Corp. v Goldstein, 151 AD3d 1102, [*3]1107; Law Offs. of Ira H. Leibowitz v Landmark Ventures, Inc., 131 AD3d at 586; Devash LLC v German Am. Capital Corp., 104 AD3d 71, 79; Out of Box Promotions, LLC v Koschitzki, 55 AD3d 575, 577; RSA Distribs. v. Contract Furniture Sales, 248 AD2d 370, 371). Accordingly, the court should have dismissed the twelfth cause of action, which alleged tortious interference with business relations, insofar as asserted by Stuart's against Hong.
"To establish a cause of action for relief based on unfair competition, a plaintiff must demonstrate that the defendant wrongfully diverted the plaintiff's business to itself. In the absence of a restrictive covenant, an employee may freely compete with a former employer unless trade secrets are involved or fraudulent methods are employed" (McKinnon Doxsee Agency, Inc. v Gallina, 187 AD3d 733, 737 [citations and internal quotation marks omitted]; see Baldeo v Majeed, 150 AD3d 942, 944; Pearlgreen Corp. v Yau Chi Chu, 8 AD3d 460, 461). "Unfair competition encompasses '[t]he principle that one may not misappropriate the results of the skill, expenditures and labors of a competitor'" (McKinnon Doxsee Agency, Inc. v Gallina, 187 AD3d at 738, quoting Electrolux Corp. v Val-Worth, Inc., 6 NY2d 556, 567).
The Supreme Court's determination that Hong had engaged in unfair competition was not warranted by the facts. The trial record did not demonstrate that Hong, as opposed to several of the other defendants, acted wrongfully in allegedly diverting Stuart's business to Level 8. Tumi's representative testified that Hong never had any discussion or involvement with Tumi concerning the transfer to Level 8 of any assets or rights belonging to Stuart's, and that Hong's only involvement with Tumi pertained to issues concerning product and/or design. Further, testimony from Aeropostale's representative evidenced no involvement by Hong in Aeropostale's severing of its business ties to Stuart's, nor any involvement by Hong in Aeropostale's entering into any agreements with Level 8. At trial, Hong vehemently denied removing any proprietary information from Stuart's, and no witness testified to the contrary. Thus, any implicit finding by the court that Hong acted wrongfully was not warranted by the facts (see Baldeo v Majeed, 150 AD3d at 944-945). Accordingly, the court should have dismissed the thirteenth cause of action, which alleged unfair competition, insofar as asserted by Stuart's against Hong.
Hong's remaining contentions either are without merit or need not be reached in light of our determination.
RIVERA, J.P., MILLER, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court