Arnone v Burke (2022 NY Slip Op 07427)

Arnone v Burke

2022 NY Slip Op 07427

Decided on December 28, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
VALERIE BRATHWAITE NELSON
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.

2021-01889
 (Index No. 152844/19)

[*1]Charles J. Arnone, etc., et al., respondents,
v
Michael Burke, et al., appellants.

Golenbock Eiseman Assor Bell & Peskoe, LLP, New York, NY (Michael M. Munoz of counsel), for appellants.
Crawford & DeSantis, LLP, Staten Island, NY (Michael DeSantis of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants appeal from an order of the Supreme Court, Richmond County (Lizette Colon, J.), dated February 8, 2021. The order, insofar as appealed from, in effect, denied those branches of the defendants' motion which were pursuant to CPLR 3211(a)(7) to dismiss, in effect, the causes of action in the second amended complaint alleging tortious interference with contract and promissory estoppel.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In December 2019, the plaintiffs commenced this action, inter alia, to recover damages for breach of contract and tortious interference with contract. As is relevant to this appeal, the plaintiffs subsequently filed a second amended complaint adding a cause of action alleging promissory estoppel. The plaintiffs alleged, among other things, that, although the written agreement was not signed, the defendant Michael Burke, the principal of the defendant Denino's Franchising, LLC, agreed to all the material terms of a franchise agreement allowing the plaintiffs to open a Denino's Pizzeria franchise in Manahawkin, New Jersey. The plaintiffs further alleged that, based on certain promises and representations made by Burke, the plaintiffs incurred significant property and related costs, but thereafter, Burke refused to allow the franchise to open and instead, through the defendant XYZ Corp., opened a different Denino's franchise in the same area.
The defendants moved pursuant to CPLR 3211(a)(7), in effect, to dismiss the second amended complaint. In an order dated February 8, 2021, the Supreme Court, inter alia, in effect, denied those branches of the motion which were to dismiss, in effect, the causes of action alleging tortious interference with contract and promissory estoppel. The defendants appeal.
On a motion pursuant to CPLR 3211(a)(7) to dismiss a complaint for failure to state a cause of action, "the court must afford the complaint a liberal construction, accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory. The plaintiff's ultimate ability to prove those allegations is not relevant" (SV Vernon 43, LLC v Malik, 138 AD3d 730, 731 [internal quotation marks omitted]; see Hersh v Cohen, 131 AD3d 1117, 1117).
The elements of a cause of action alleging tortious interference with contract are: the existence of a valid contract between the plaintiff and a third party, the defendant's knowledge of that contract, the defendant's intentional procurement of the third party's breach of that contract without justification, and damages (see White Plains Coat & Apron Co., Inc. v Cintas Corp., 8 NY3d 422, 426; Grocery Leasing Corp. v P & C Merrick Realty Co., LLC, 197 AD3d 628, 629). Here, the plaintiffs sufficiently alleged that Burke, acting in his capacity as principal of XYZ Corp., tortiously interfered with a contract between the plaintiffs and the other defendants. Further, contrary to the defendants' contention, the second amended complaint sufficiently alleged that Burke's knowledge of the purported contract was imputed to XYZ Corp. (see generally Center v Hampton Affliates, 66 NY2d 782, 784). Moreover, as the plaintiffs correctly note, no discovery has taken place in this action and the defendants alone are in possession of information that would explain the relationship between Burke and XYZ Corp., or whether Burke was acting at any given time in his individual capacity and/or as a principal of Denino's Franchising, LLC, or of XYZ Corp. (see CPLR 3211[d]).
Contrary to the defendants' only contention as to the promissory estoppel cause of action, the Supreme Court also properly, in effect, denied that branch of their motion which was to dismiss, in effect, this cause of action. Although the existence of a contract precludes recovery under a cause of action alleging promissory estoppel arising under the same subject matter, here the record shows that the defendants dispute the existence of a contract (see Woodstock Constr. Group, Ltd. v State of New York, 130 AD3d 1018, 1018; see generally Last Time Beverage Corp. v F & V Distrib. Co., LLC, 98 AD3d 947, 950). Accordingly, at this stage of the litigation, the defendants' basis for dismissal of the promissory estoppel cause of action fails (see Woodstock Constr. Group, Ltd. v State of New York, 130 AD3d at 1018; Peery v United Capital Corp., 84 AD3d 1201, 1203-1204).
DUFFY, J.P., BRATHWAITE NELSON, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court