Long Is. Thoracic Surgery, P.C. v Building Serv. 32BJ Health Fund (2023 NY Slip Op 02114)

Long Is. Thoracic Surgery, P.C. v Building Serv. 32BJ Health Fund

2023 NY Slip Op 02114

Decided on April 26, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 26, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2020-04090
 (Index No. 615647/19)

[*1]Long Island Thoracic Surgery, P.C., et al., appellants,
v
Building Service 32BJ Health Fund, respondent.

Harris Beach, PLLC, Pittsford, NY (Roy W. Breitenback and Svetlana K. Ivy of counsel), for appellants.
Raab, Sturm & Ganchrow, LLP, Woodmere, NY (Ira A. Sturm of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for defamation, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Arthur M. Diamond, J.), entered April 23, 2020. The order, insofar as appealed from, granted those branches of the defendant's motion which were pursuant to CPLR 3211(a)(7) to dismiss the fifth and sixth causes of action.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the defendant's motion which were pursuant to CPLR 3211(a)(7) to dismiss the fifth and sixth causes of action are denied.
The plaintiffs, a thoracic surgeon and his professional corporation, submitted invoices to the defendant, a self-funded multi-employer welfare trust fund, seeking reimbursement for medical services rendered to the defendant's members. The defendant did not reimburse the plaintiffs for the amounts invoiced. Thereafter, the defendant wrote letters to two hospitals at which the individual plaintiff had privileges, complaining about the plaintiffs' billing practices, and copied the New York State Department of Health, Office of Professional Medical Conduct, which then opened an investigation.
The plaintiffs subsequently commenced this action, alleging, inter alia, tortious interference with business relations and defamation, based upon certain statements in the subject letters. The defendant made a pre-answer motion pursuant to CPLR 3211(a) to dismiss the complaint or, alternatively, for summary judgment dismissing the complaint. The plaintiffs opposed the motion. The Supreme Court, after declining to convert the motion into one for summary judgment, inter alia, granted those branches of the defendant's motion which were pursuant to CPLR 3211(a)(7) to dismiss the fifth and sixth causes of action, alleging tortious interference with business relations and defamation, respectively. The plaintiffs appeal.
"When a party moves to dismiss a complaint pursuant to CPLR 3211(a)(7), the standard is whether the pleading states a cause of action, not whether the proponent of the pleading has a cause of action" (Sokol v Leader, 74 AD3d 1180, 1180-1181; see Guggenheimer v Ginzburg, 43 NY2d 268, 275). "In considering a motion pursuant to CPLR 3211(a)(7) to dismiss a complaint, [*2][a court must] afford the pleading a liberal construction, accept all facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Davydov v Youssefi, 205 AD3d 881, 882). "Whether a plaintiff can ultimately establish its allegations is not part of the calculus" (Sokol v Leader, 74 AD3d at 1181 [internal quotation marks omitted]).
"The elements of a cause of action for defamation are (a) a false statement that tends to expose a person to public contempt, hatred, ridicule, aversion, or disgrace, (b) published without privilege or authorization to a third party, (c) amounting to fault as judged by, at a minimum, a negligence standard, and (d) either causing special harm or constituting defamation per se" (Bowen v Van Bramer, 205 AD3d 674, 674-675 [internal quotation marks omitted]; see Levy v Nissani, 179 AD3d 656, 657-658).
Contrary to the Supreme Court's determination, the complaint adequately stated a cause of action to recover damages for defamation with sufficient particularity (see CPLR 3016[a]; Solis v Aguilar, 206 AD3d 684, 686).
"To set forth a cause of action sounding in tortious interference with business relations, a plaintiff is required to plead 'that the defendant interfered with the plaintiff's business relationships either with the sole purpose of harming the plaintiff or by means that were unlawful or improper'" (Tri-Star Light. Corp. v Goldstein, 151 AD3d 1102, 1106, quoting Qosina Corp. v C & N Packaging, Inc., 96 AD3d 1032, 1034 [internal quotation marks omitted]; see 106 N. Broadway, LLC v Lawrence, 189 AD3d 733, 740).
Accepting as true the facts alleged in the complaint and submissions in opposition to the motion, and according the plaintiffs the benefit of every possible favorable inference, we find that the allegations sufficiently set forth a cause of action sounding in tortious interference with business relations (see Kevin Spence & Sons v Boar's Head Provisions Co., 5 AD3d 352, 354; cf. 106 N. Broadway, LLC v Lawrence, 189 AD3d at 741; M.J. & K. Co. v Matthew Bender & Co., 220 AD2d 488, 490).
Accordingly, the Supreme Court should have denied those branches of the defendant's motion which were pursuant to CPLR 3211(a)(7) to dismiss the fifth and sixth causes of action, alleging tortious interference with business relations and defamation, respectively.
BRATHWAITE NELSON, J.P., RIVERA, FORD and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court