**BT Supplies W., Inc. v Brookline, LLC**

2024 NY Slip Op 33101(U)

September 4, 2024

Supreme Court, New York County

Docket Number: Index No. 651364/2023

Judge: Margaret A. Chan

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | | |
|---|---|---|---|
| **PRESENT:** | **HON. MARGARET A. CHAN** | **PART** | **49M** |
| | *Justice* | | |

------------------------------------------------------------------X

BT SUPPLIES WEST, INC.

                        Plaintiff,

          - v -

BROOKLINE, LLC D/B/A LILOGY,

                  Defendant.

------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 651364/2023 |
| **MOTION DATE** | 01/23/2024 |
| **MOTION SEQ. NO.** | 004 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 004) 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60

were read on this motion to/for                                 **DISMISS**               .

     Plaintiff BT Supplies West, Inc. (BT Supplies) brings this action against defendant Brookline, LLC, d/b/a Lilogy (Lilogy) alleging breach of contract and other causes of action involving two purchase orders. Lilogy then brought a counterclaim against plaintiff alleging tortious interference with business relationship. Plaintiff moves to dismiss Lilogy's counterclaim pursuant to CPLR 3211(a)(1), (5), and (7). Lilogy opposes this motion. For the reasons below, BT Supplies' motion is granted.

     This dispute regarding the two purchase orders was initially brought before a Judicial Arbitration and Mediation Services (JAMS) arbitrator, who issued a Final Award on May 12, 2023. However, the arbitrator determined that only one of the two disputed purchase orders was subject to JAMS arbitration. This court likewise determined in a prior motion that only claims arising out of or relating to the First Purchase Order are judicially barred. Lilogy contends that its tortious interference with business relations counterclaim relates to the Second Purchase Order not covered under the JAMS arbitration. BT Supplies disagrees and asserts that Lilogy's tortious interference claim invokes a non-circumvention provision from the Supply Agreement that controls the First Purchase Order and should therefore be judicially barred. BT Supplies also contends that Lilogy fails to state a claim for tortious interference with business relationship.

## Background

     Plaintiff BT Supplies, a supplier and importer of janitorial and paper goods products, became heavily involved in selling PPE products during the COVID-19

651364/2023  BT SUPPLIES WEST, INC. vs. BROOKLINE, LLC D/B/A LILOGY           Page 1 of 8
Motion No.  004

1 of 8

pandemic (NYSCEF # 2 – Complaint [Compl] ¶ 8). Defendant Lilogy was one of BT Supplies' customers and provided financing and other assistance to help build out the supply chains (*id.*; NYSCEF # 20 – Final Award at 2).

In spring of 2020, Lilogy partnered with non-party supplier of printing and promotional products, Anything With Ink West – AZ, LLC, d/b/a Cardinal Sourcing Solutions (Cardinal) (*id.*). Cardinal had an existing relationship with non-party big box retailer W.B. Mason, which was searching for a supplier of PPE products at that time (*id.*). In mid-May 2020, Cardinal, Lilogy, and BT Supplies entered into a Supply Agreement (Agreement) wherein BT Supplies agreed to supply PPE products to W.B. Mason for purchase orders that Cardinal and Lilogy obtained (*id.*).

As relevant to this dispute, Section 3 of the Agreement provides that BT Supplies agrees "not to … circumvent, avoid, bypass or obviate … Cardinal or Lilogy, directly or indirectly, in respect of any transaction for the supply of goods ordinarily supplied by [BT Supplies] to W.B. Mason or its Affiliates, and other clients referred by parties" (NYSCEF # 12 – Supply Agreement at 2). And Section 7 provides that any legal disputes "arising out of or based upon the Agreement or the transactions contemplated [thereby]" were to be resolved through JAMS arbitration (*id.* at 3).

In May 2020, Cardinal provided Purchase Order CS19250 to Lilogy, which called for BT Supplies to supply 5.5 million packages of alcohol wipes to W.B. Mason (the First Purchase Order) (see Final Award at 8). The First Purchase Order was issued pursuant to the Agreement between Cardinal, Lilogy, and BT Supplies to supply PPE to the ultimate purchaser, W.B. Mason (*id.*). At BT Supplies' request, Lilogy provided a deposit on the First Purchase Order of about $550,000 (*id.*; Compl ¶ 53). However, in mid-June 2020, W.B. Mason cancelled the First Purchase Order after BT Supplies represented that it could not meet the delivery deadlines (*id.*; Final Award at 8). Lilogy contacted BT Supplies to assert its right to the return of the deposit on the First Purchase Order (Compl ¶ 53). BT Supplies refused to honor the request and instead demanded that Lilogy find a replacement customer for the 5.5 million wipes (Final Award at 9). The break-down in the consummation of the First Purchase Order led Cardinal, Lilogy, and BT Supplies arbitrate that dispute before JAMS (NYSCEF # 44 – Amended Answer ¶ 77).

On July 1, 2020, Lilogy issued Purchase Order 07012020A to BT Supplies as a substitute for the canceled First Purchase Order (the Second Purchase Order) (Compl ¶ 9; Final Award at 9). The Second Purchase Order required BT Supplies to deliver the same 5.5 million packages of alcohol wipes to non-party FarFromBoring, Inc. (FFB), a company that sources goods for non-party Home Depot, for around $11.5 million (Compl ¶¶ 9, 11). Different from the First Purchase Order, the Second Purchase Order was between BT Supplies and Lilogy only (not Cardinal) to supply PPE to the ultimate purchaser, FFB/Home Depot (*id.*; NYSCEF # 3 – Purchase

**651364/2023   BT SUPPLIES WEST, INC. vs. BROOKLINE, LLC D/B/A LILOGY**
**Motion No.  004**

Page 2 of 8

[* 2]

Order). The Second Purchase Order involved a series of transactions in which Home Depot would pay FFB, who would then pay Lilogy, who would in turn pay BT Supplies (Final Award at 10). BT Supplies accepted the Second Purchase Order and began filling it and issuing invoices to Lilogy (Compl ¶ 10). BT Supplies delivered 1,632,960 packages of alcohol wipes to Home Depot via FFB and issued 21 invoices to Lilogy for about $1.75 million; Lilogy never objected to the invoices (Compl ¶¶ 13-35). In August 2020, FFB delayed its payments to Lilogy, and Lilogy accordingly fell behind in its payments to BT Supplies (Final Award at 10; Compl ¶ 36).

According to Lilogy's Amended Answer, after the First Purchase Order failed to close, BT Supplies' representatives testified at the arbitration hearing that it had left a "bad taste" in BT Supplies' mouth (Amended Answer ¶ 79). Lilogy further alleged that, because the Second Purchase Order did not proceed smoothly either, the "bad taste" worsened (*id.* ¶ 84).

In early August 2020, BT Supplies and FFB communicated directly, and Lilogy claims that in those communications, BT Supplies falsely blamed Lilogy, instead of non-parties W.B. Mason and FFB, for the rocky transactions and "smeared [Lilogy's] reputation (*id.* ¶ 85). Lilogy contends that these conversations damaged its relationship with FFB, ultimately causing FFB to (1) cease remitting funds to Lilogy for the shipped wipes, (2) cease profit-sharing with Lilogy, and (3) bypassing Lilogy by ordering directly from BT Supplies (*id.*).

Lilogy asserts that BT Supplies acted out of malice or used improper or illegal means to interfere in its relationship with FFB (*id.* ¶ 86). According to Lilogy, BT Supplies felt that Lilogy had "screwed" them, as stated in BT Supplies' arbitration testimony, and this feeling of being wronged drove BT Supplies to act maliciously (*id.* ¶ 86). Lilogy also alleges that on August 4, 2020, four of BT Supplies' representatives went to Lilogy's New York City office, where BT Supplies' representatives intimidated and forced Lilogy's officers to wire a $750,000 payment immediately (*id.* ¶ 87). Lilogy claims that these actions significantly harmed its relationship with FFB (*id.* ¶ 88).

Prior Arbitration

BT Supplies filed its initial Demand for Arbitration on January 14, 2021, and later, at the arbitrator's direction, provided a more detailed statement of its claims by filing an Arbitration Complaint in November 2021 (Final Award at 11). BT Supplies' primary claim was that Cardinal and Lilogy breached the Agreement by failing to pay the amounts due thereunder (NYSCEF # 13 – Arbitration Compl ¶¶ 7–17). Moreover, BT Supplies alleged that Cardinal and Lilogy breached the covenant of good faith and fair dealing by not paying for the products as required under the Agreement (*id.* ¶¶ 17–24).

651364/2023   BT SUPPLIES WEST, INC. vs. BROOKLINE, LLC D/B/A LILOGY
Motion No. 004

Page 3 of 8

3 of 8

[* 3]

In July 2022, Lilogy responded to the Arbitration Complaint by filing an Amended Answer and asserting a counterclaim for breach of contract (*id.*). Lilogy alleged that BT Supplies violated the non-circumvention provision in Section 3 of the Agreement by bypassing Lilogy and dealing directly with FFB, the ultimate purchaser in the Second Purchase Order, on or after September 1, 2020 (Final Award at 22). Lilogy moreover asserted an unjust enrichment counterclaim alleging that BT Supplies refused to return the deposit amount of around $550,000 (*id.*).

On May 12, 2023, the arbitrator issued a Final Award addressing whether Cardinal and Lilogy had breached the terms of the Supply Agreement. Regarding the First Purchase Order, the arbitrator ruled in favor of Lilogy and Cardinal, concluding that BT Supplies had not provided a valid excuse for the delay in delivering goods (Final Award at 20). Additionally, BT Supplies failed to prove that the cancellation of the First Purchase Order constituted a breach of the Supply Agreement (*id.*).

The arbitrator also determined that the Second Purchase Order represented "a separate agreement from what is contained in the Supply Agreement," since the Supply Agreement between BT Supplies, Lilogy, and Cardinal did not involve FFB or Home Depot (*id.* at 21). As a result, the Second Purchase Order was not covered by BT Supplies' breach of contract claim in the arbitration (*id.*). The reason for this is that the Arbitration Complaint only alleged that Cardinal and Lilogy had breached the Supply Agreement by "failing to pay the monies due under the [Supply Agreement]" (*id.*). Based on this conclusion, the arbitrator ruled in favor of Lilogy and Cardinal on BT Supplies' sole breach of contract claim (*id.* at 22).

Regarding Lilogy's counterclaim that BT Supplies breached the non-circumvention provision of the Supply Agreement in its transactions with FFB, the arbitrator did not uphold the claim because the Second Purchase Order was outside the scope of the Supply Agreement (*id.* at 23–24). The Supply Agreement was meant to govern the procedures used by Lilogy, BT Supplies, and Cardinal in the W.B. Mason transaction, while the Second Purchase Order involved Lilogy, BT Supplies, and FFB (or Home Depot), but not Cardinal (*id.* at 23). As for Lilogy's unjust enrichment counterclaim, which sought the return of the $549,965 deposit paid to BT Supplies in connection with the First Purchase Order, the arbitrator ruled that BT Supplies must return the deposit to Lilogy (*id.* at 25).

This Action post-Arbitration leading to MS 001

On November 13, 2023, Lilogy filed its Answer with Counterclaims, alleging that BT Supplies breached the non-circumvention provision of the Agreement by dealing directly with FFB (NYSCEF # 29 – Answer ¶¶ 83–92). On November 17, 2023, BT Supplies moved to dismiss the counterclaim on *res judicata* and collateral estoppel grounds, asserting that the non-circumvention provision, which was a part

651364/2023   BT SUPPLIES WEST, INC. vs. BROOKLINE, LLC D/B/A LILOGY
Motion No. 004

Page 4 of 8

4 of 8

of the contract governing the First Purchase Order, had already been resolved on its merits in the arbitration (NYSCEF # 48 – Eilender Aff ¶ 6). On December 22, 2023, Lilogy filed an Amended Answer with a new counterclaim, withdrawing its breach of contract claim and instead asserting a tortious interference with business relations cause of action (Amended Answer ¶¶ 89–95). BT Supplies contends that Lilogy's new breach of tortious interference with business relations claim is merely the barred breach of contract claim shoe-horned into a new cause of action (Eilender Aff ¶ 6). BT Supplies points out that this court has already ruled on the breadth of *res judicata* and collateral estoppel as it relates to the purchase agreements and that all claims related to the Agreement and First Purchase Order should be barred from this action (*id.* ¶ 11; NYSCEF # 26 – MTD Order).

Lilogy, however, argues that the tortious interference of business relations claim is independent of the Agreement and concerns the Second Purchase Order only, thus, neither *res judicata* nor collateral estoppel bars the claim from proceeding (NYSCEF # 59 – Defts' MOL at 8–11). Lilogy urges this court to deny BT Supplies' motion because Lilogy has adequately pled all the elements required of a tortious interference claim. Citing *Stuart's, LLC v Edelman*, Lilogy contends that it satisfied the third element of the tort—i.e., that BT Supplies acted solely out of malice or used improper, wrongful, or illegal means that amounted to a crime or independent tort—because BT Supplies made false statements to FFB to intentionally harm Lilogy's reputation (196 AD3d 711 [2d Dept 2021]). To substantiate this claim, Lilogy points to statements BT Supplies made during its arbitration testimony: BT Supplies said that Lilogy had left a "bad taste" in its mouth and that it believed Lilogy had "screwed" it over (*id.* at 11–12). According to Lilogy, BT Supplies likely carried these feelings into the conversations BT Supplies had with FFB, thus causing harm to Lilogy (*id.*). Further, Lilogy alleges that BT Supplies sent "gentlemen believed to be members of the New York mafia" to Lilogy's New York office to threaten and extort Lilogy's officers into wiring money (*id.* at 13).

In response, BT Supplies argues that the statements that it made in its arbitration testimony are too vague and constitute non-actionable opinion (NYSCEF # 60 – Defts' Reply ¶ 7). Referring to the Final Award of the JAMS arbitrator and this court's prior order, BT Supplies argues that the issue is not whether the claims arising out of or relating to the First Purchase Order and the Agreement should be barred, but whether Lilogy's tortious interference with business relations claim is nothing more a rehashed rendering of its original breach of contract claim.

## Discussion

BT Supplies moves to dismiss Lilogy's sole counterclaim, tortious interference with business relations, pursuant to CPLR 3211(a)(1) based on documentary evidence; CPLR 3211 (a) (5) based on collateral estoppel or *res judicata*; and CPLR 3211(a)(7) for failure to state a cause of action. On a motion to dismiss under CPLR

651364/2023   BT SUPPLIES WEST, INC. vs. BROOKLINE, LLC D/B/A LILOGY
Motion No.  004

Page 5 of 8

5 of 8

3211, the non-movant's pleading is afforded a liberal reading in a light most favorable to it and its allegations are accepted as true (*see Leon v Martinez*, 84 NY2d 83 [1984]). On a motion to dismiss pursuant to CPLR 3211(a) (7), the court "must accept as true the facts as alleged in the complaint and submissions in opposition to the motion, accord [the non-movant] the benefit of every possible favorable inference and determine only whether the facts as alleged fit within any cognizable legal theory" (*Whitebox Concentrated Convertible Arbitrage Partners, L.P. v Superior Well Servs., Inc.*, 20 NY3d 59, 63 [2012]; *accord Pavich v Pavich*, 189 AD3d 548, 549 [1st Dept 2020]). However, "[i]n those circumstances where the legal conclusions and factual allegations are flatly contradicted by documentary evidence they are not presumed to be true or accorded every favorable inference" (*Morgenthow & Latham v Bank of New York Company, Inc.*, 305 AD2d 74, 78 [1st Dept 2003] [internal citation and quotation omitted]). At this stage, whether a plaintiff can ultimately establish its allegations is not taken into consideration when determining a motion to dismiss (*EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19 [2005]).

To state a claim for tortious interference with business relations, Lilogy must show "(1) the existence of a business relationship or its expectancy with a third-party; (2) [BT Supplies'] interference with the relationship; (3) that [BT Supplies] acted with the sole purpose of harming [Lilogy]; and (4) that [Lilogy] sustained damages" (*Icahn v Lions Gate Entertainment Corp.*, 31 Misc 3d 1205[A] *12-13 [Sup Ct, NY County, 2011] [internal citations omitted]). At issue here are the second and third factors: whether BT Supplies interfered with Lilogy's business relations with a third party, FFB, and whether BT Supplies acted with the sole purpose of harming Lilogy or used dishonest, unfair, or improper amounts that amounts to a crime or independent tort. BT Supplies' alleged "conduct must amount to a crime or independent tort. Conduct that is not criminal or tortious will generally be 'lawful' and thus insufficiently 'culpable' to create liability with prospective contractors or other nonbinding economic relations" (*Carvel v Noonan*, 3 NY3d 182, 190 [2014]). It is noted that Lilogy's claim concerns only its business relation with FFB and not about its agreement or contract with FFB.

To support its claim that BT Supplies used dishonest, unfair, or improper means that amounted to a crime or tort to interfere with Lilogy and FFB's business relationship, Lilogy contends that, because BT Supplies expressed in its arbitration testimony that doing business with Lilogy had left a "bad taste" in its mouth and that it felt it had gotten "screwed" by Lilogy, BT Supplies must have therefore made similar statements to FFB in private communications to tortiously interfere with Lilogy and FFB's business relationship. Acknowledging that its allegations sound in defamation, Lilogy insists that, even though BT Supplies allegedly made false statements, its claim is based on misrepresentation and fraud, not defamation (Deft's MOL at 12).

651364/2023   BT SUPPLIES WEST, INC. vs. BROOKLINE, LLC D/B/A LILOGY
Motion No.  004

Page 6 of 8

6 of 8

BT Supplies disagrees arguing that, even though Lilogy bases its claim on fraud and misrepresentation, it is effectively pleading defamation. BT Supplies asserts that Lilogy is couching the false statements under a claim for misrepresentation rather than for defamation because Lilogy is time-barred under the one-year statute of limitations on defamation claims under CPLR 215[3]. The alleged defamatory statements were made in September 2020, three years before the filing date of this action. Relying on *Matter of Entertainment Partners Group v Davis*, BT Supplies argues that "it is well settled that a plaintiff may not circumvent the one-year statute of limitations applicable to defamation actions … by denominating that action as one for intentional interference with economic relations" (198 AD2d 63, 64 [1st Dept 1993]).

"Defamation has long been recognized to arise from 'the making of a false statement which tends to 'expose the plaintiff to public contempt, ridicule, aversion or disgrace, or induce an evil opinion of him in the minds of right-thinking persons, and to deprive him of their friendly intercourse in society'" (*Dillon v City of New York*, 261 AD2d 34, 38 [1st Dept 1999]). As the Court of Appeals explained in *Morrison v National Broadcasting Co.* (19 NY2d 453 [1967]), the reason for holding slander and libel claims to the one-year statute of limitations rather than rebranding the claims to another tort, is to curtail recovery from the injury to reputation to that one-year span, otherwise, a plaintiff may benefit from the same defamation case by "redescribing [the] defamation action to fit this new 'noncategory' of intentional wrong" (*id.* at 459 [internal citations omitted]). Thus, we are reminded that, when applying a statute of limitations, "look for the reality, and 'the essence of the action and not its mere name'" (*id.* quoting *Brick v Cohn-Hall-Marx Co.*, 276 NY259, 264 [1937]).

Here, Lilogy alleges that because BT Supplies expressed in its arbitration testimony that it had a "bad taste" in its mouth and felt that it had gotten "screwed" by Lilogy, BT Supplies must have therefore made false statements which "induced an evil opinion" to FFB in their private communications and tortiously interfered with Lilogy and FFB's business relationship (*see Dillon*, 261 AD2d at 38). Thus, looking at "the essence of [the] action and not its mere name" Lilogy's cause of action smacks of a defamation cause of action (*see Morrison*, 19 NY2d at 459). As such, Lilogy cannot circumvent the one-year statute of limitations for defamation pursuant to CPLR 215(3) merely by changing the name of the alleged tort from "defamation" to "misrepresentation."

Even if this were a misrepresentation claim as Lilogy alleges, its pleading does not satisfy the elements of a fraudulent misrepresentation claim. One of the elements of fraudulent misrepresentation is that a defendant intended to induce a plaintiff to carry out some action (*Norddeutsche Landesbank Girozentrale v Tilton* (149 AD3d 152, 162 [1st Dept 2017]). Here, Lilogy is alleging that BT Supplies made the false statements to FFB, a third-party, and not to Lilogy itself. Therefore,

**651364/2023 BT SUPPLIES WEST, INC. vs. BROOKLINE, LLC D/B/A LILOGY**
**Motion No. 004**

Page 7 of 8

7 of 8

the cause of action that Lilogy is pleading is in essence a thinly-veiled defamation claim, not a misrepresentation claim. Lilogy's counterclaim for intentional interference of business relations is dismissed.

## Conclusion

For the foregoing reasons, it is hereby

ORDERED that plaintiff BT Supplies West, Inc.'s motion to dismiss defendant Brookline LLC d/b/a Lilogy's counterclaim is granted;

ORDERED that counsel for plaintiff shall serve a copy of this Decision and Order, along with notice of entry, on defendant within 10 days of this filing.

This constitutes the Decision and Order of the court.

| 09/04/2024 | | | | MARGARET A. CHAN, J.S.C. | |
|---|---|---|---|---|---|
| **DATE** | | | | | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | X | GRANTED | ☐ DENIED | | GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | ☐ REFERENCE |

651364/2023  BT SUPPLIES WEST, INC. vs. BROOKLINE, LLC D/B/A LILOGY
Motion No. 004

Page 8 of 8

8 of 8