P.F. v Brown (2024 NY Slip Op 51356(U))

[*1]

P.F. v Brown

2024 NY Slip Op 51356(U)

Decided on September 27, 2024

Supreme Court, Queens County

Hom, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 27, 2024
Supreme Court, Queens County

P.F., Plaintiff,

against
Michael Finelli Brown a/k/a MICHAEL ROBERT FINELLI 
 and CARMELA CALCETAS, Defendants.

Index No. 705519/2023

David D. Lin
Michael D. Cilento
Rachel Ann Stephens
Lewis & Lin, LLC
Attorneys for Movant-Defendant Michael Brown
Cali O. Madia, Esq.
Daniel S. Szaliewicz, Esq.
Daniel Szaliewicz & Associates, P.C. 
Attorneys for Respondent

Phillip Hom, J.

The following e-filed documents, listed by NYSCEF document number (Motion 003) 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 44, 47, 48, 49, 50 were read on this motion to/for DISMISS.
Upon the foregoing documents, it is ordered that the motion by defendant Michael Finelli Brown a/k/a Michael Robert Finelli ("Brown"), seeking an Order dismissing plaintiff P.F.'s ("plaintiff") first verified amended complaint, with prejudice pursuant to CPLR 3211(a) (7), as against is determined as follows:
This is an action wherein plaintiff seeks to recover upon six causes of action, alleging violation of New York City Administrative Code §10-180, violation of New York State Civil Rights Law § 52-b, intentional infliction of emotional distress, intentional interference with prospective business relations, tortious interference with contract/perspective economic [*2]advantage, and aiding and abetting the foregoing. Plaintiff alleges that defendants Brown and defendant Carmela Calcetas ("Calcetas") (collectively "defendants") wrongfully disseminated a photograph of plaintiff in full nudity and "sent outside links" containing additional images and videos of plaintiff to plaintiff's mother, business associates, and to an entity identified as M.S. Defendants allegedly also used social media and emails to message and threaten plaintiff.
Defendants are husband and wife. Plaintiff and Brown allegedly had an affair while Brown was married to Calcetas. The relationship between plaintiff and Brown began to deteriorate in or about December 2021, and plaintiff ended the relationship in or about February 2022. Brown allegedly continued to contact plaintiff in March 2022. 
The amended complaint states that on or about March 15, 2022, plaintiff's mother was contacted from an Instagram account, "Carmela Calcetas," as "Carmela611" with a message that plaintiff was in desperate need of mental health assistance and was plotting to commit sexual assault. The amended complaint states that, on that same day, defendant "Carmela Calcetas," using the same Instagram account, sent plaintiff's mother an image of plaintiff in which plaintiff is identifiable, with breasts and genitals in full view. It is further claimed that on March 15, 2022, "Carmela Calcetas" sent plaintiff's mother a link via Facebook with additional images and videos of plaintiff. Also, on that date, "Carmela Calcetas" allegedly sent identical images and messages to plaintiff's business associates and to "M.S." This entity is alleged to be the potential buyer of plaintiff's cosmetic business.
On March 20, 2022, plaintiff received another email from an "icloud" account which plaintiff believes was sent by either Calcetas, or Brown posing as Calcetas, stating that "this is not a threat" but stating that plaintiff potentially faced criminal charges. In the amended complaint, plaintiff includes copies of numerous emails and messages from Instagram and Venmo accounts. Plaintiff alleges that "[G]iven the similarities between Brown's messages and the ones sent from his wife's accounts, the intimate knowledge contained within Calcetas' messages, and even Calcetas' ability to locate plaintiff's family members, Calcetas' communications were either undertaken at the direction and with the assistance of Brown or by Brown himself." Plaintiff maintains that all the foregoing was done without her consent.
The court initially rejects the claim that the action is barred by the statute of limitations inasmuch as the alleged dissemination of the photograph, links and images occurred on March 15, 2022, and the initial complaint was filed one year later, on March 15, 2023.
On this motion, defendant Brown alone seeks dismissal of the claims against him pursuant to CPLR 3211 (a) (7), arguing that plaintiff has failed to state a cause of action. Plaintiff opposes the motion.
On a motion pursuant to dismiss a complaint for failure to state a cause of action, "the court must afford the complaint a liberal construction, accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory. The plaintiff's ultimate ability to prove those allegations is not relevant" (Arnone v Burke, 211 AD3d 998 [2d [*3]Dept 2022]; and see, Long Island Thoracic Surgery, P.C. v Building Serv. 32BJ Health Fund, 215 AD3d 942 [2d Dept 2023]; Waterbury v New York City Ballet, 205 AD3d 154 [2d Dept 2022]).
Initially, in support of the motion to dismiss, Brown submits an affidavit averring that plaintiff has no cause of action inasmuch as she has been involved in other on-line websites that distribute adult material. However, it is noted that Brown does not deny any of plaintiff's claims. The court rejects this argument, as it did its decision and order of August 17, 2023, in that the use of such material is "akin to the fallacy that a wife or sex worker cannot be victims of sexual abuse/assault" (P.F. v Brown, et al., Sup Ct, Queens County, Aug. 17, 2023, Hom, J., index No. 705519/2023). 
The Court will consider the motion to dismiss as it pertains to plaintiff's first cause of action, being violation of the New York City Administrative Code. New York City Administrative Code § 10.180 (b) (1) provides that
" 'it is unlawful for a covered recipient to disclose an intimate image, without the depicted individual's consent, with the intent to cause economic, physical, or substantial emotional harm to such depicted individual, where such depicted individual is or would be identifiable to another individual either from the intimate image or from the circumstances under which such image is disclosed.' A 'covered recipient' is defined as 'an individual who gains possession of, or access to, an intimate image from a depicted individual, including through the recording of an intimate image' "
(People v E.R., 2019 NY Slip Op 51469 [U], Sup Ct., New York County, Dec. 16, 2019, index No. 20043-2019, Dawson, J. [emphasis added], as cited by Castillo v Altice USA, Inc., US Dist Ct, SD NY, 1:23-cv-05040, Rochon, J., Dec. 14, 2023).
Here, as in People v E.R., the amended complaint fails to plead that defendant is a "covered recipient" within the meaning of the statute. As that court found, the initial version of the statute itself was purposefully revised to narrow the scope of those who would be liable (id., citing People Ahmed, 64 Misc 3d 601 [Crim Ct, New York City 2019]). As the Ahmed court determined, the complaint must plead that the defendant is a "covered recipient" who either received the posted material from the complainant or recorded it himself (id. at 606). This requirement has also been applied in the context of a civil action in New York courts (see Waterbury v New York City Ballet, 205 AD3d 154; Litwin v Hammond Hanlon Camp, LLC, 65 Misc 3d 1202 [Sup Ct, New York County 2019]). As in Litwin, plaintiff's amended complaint is bereft of this language and does not specify the origin of the photograph and link images, in that it is not alleged that plaintiff provided the images to Brown or that Brown himself took or created them (see id.; Castillo v Altice, USA, US Dist Ct, SD NY, 1:23-cv-05040). Accordingly, this cause of action fails to meet the statutory requirements and must be dismissed.
As to the second cause of action, the court finds that the allegations in the amended complaint fall within the purview and meaning of New York State Civil Rights Law § 52-b. Pursuant thereto:
"Any person depicted in a still or video image, including an image created or altered by digitization, regardless of whether or not the original still or video image was consensually obtained, shall have a cause of action against an individual who, for the purpose of harassing, annoying or alarming such person, disseminated or published, or threatened to disseminate or publish, such still or video image, where such image:
a. was taken when such person had a reasonable expectation that the image would remain private; and
b. depicts (i) an unclothed or exposed intimate part of such person; or (ii) such person engaging in sexual conduct, c. was disseminated or published, or threatened to be disseminated or published, without the consent of such person.
(New York State Civil Rights Law § 52-b). 
The amended complaint clearly alleges that plaintiff is the person depicted in the photograph and link images, and that they were disseminated for the purpose of "harassing, annoying or alarming" her. Plaintiff alleges that she had an expectation of privacy, in that she was unclothed and that the image was disseminated to her mother, business associates, and M.S., without her consent. While there is sparse caselaw on this provision, as amended and made effective April 20, 2024, the original legislative history clearly indicates that the purpose was to provide recourse to victims of what has become to be referred to as "revenge porn," who suffer "extensive negative effects such as including destroying future intimate relationships and educational and employment opportunities. Victims are routinely threatened with sexual assault, stalked, harassed, or fired from jobs" (Assembly Mem. in Support, Bill Jacket, 2019 ch 109). Plaintiff has sufficiently alleged, that, as a result of Brown's alleged conduct, she has endured harassment, emotional distress, and lost business opportunities within the purview of the statute. 
Brown's argument premised on Eckhart v Fox News Network. LLC, (US Dist Ct SD NY, 20-CV-5593, Abrams, J., Sept 9, 2021]), that he, similar to defendant Fox News in that case, cannot be held liable for actions that he claims were taken by Calcetas, is unavailing. In Eckhart, the court declined to find an entire news network liable for the actions of one individual. Here, the court reviews the amended complaint with every favorable inference and finds that, even at this stage, a question exists as to who disseminated the images of plaintiff. The amended complaint contains numerous allegations that Calcetas' alleged actions were "undertaken at the direction with and the assistance of Brown himself" and that the defendants were "working in concert." Finally, notwithstanding the insinuations as to plaintiff's personal conduct made in Brown's affidavit, it must be noted that the overall purpose of the statute, clearly set forth in the legislative history, is to protect and provide recourse to those who become subjects of "revenge porn," as is alleged here. As such, the branch of the motion seeking dismissal of the second cause of action is denied.
Brown next seeks an order dismissing the third cause of action for intentional infliction of emotional distress. "A plaintiff must allege extreme and outrageous conduct, intent to cause (or disregard of a substantial probability of causing) severe emotional distress, and actual distress resulting from the defendant's conduct" (Waterbury v New York City Ballet, 205 AD3d 165; Litwin v Hammond Hanlon Camp, LLC, 65 Misc 3d 1202). Here as in Waterbury and Litwin, both alleging "revenge porn" this court finds Brown's alleged conduct, the dissemination [*4]of the photograph, links, and images of plaintiff to her mother, business associates, and M.S., without plaintiff's knowledge or consent, rises to the level of extreme and outrageous. The allegations that Brown intended to cause plaintiff emotional distress are sufficiently pleaded. Moreover, plaintiff repeatedly alleges that this conduct did cause her severe emotional distress (see id.; see also Nappi v Shane, Sup Ct., Nassau County, Nov. 13, 2019, McCormack, J., index No., 609694/2019). As such, the motion to dismiss the third cause of action is denied.
The Court will next consider that branch of defendant's motion to dismiss the cause of action alleging Brown's aiding and abetting the tort of intentional infliction of emotional distress. New York law recognizes such a cause of action wherein a plaintiff must satisfy three elements: "(1) that the principal/third party violated the law or engaged in tortious conduct; (2) that the defendant knew or should have known that the violation or conduct was occurring; and (3) that defendant's conduct gave substantial assistance or encouragement to the principal to engage in the violation or tortious conduct" (Franklin D. Nastasi Trust v Bloomberg, L.P., 224 AD3d 804 [2d Dept 2024]). The claim of aiding and abetting tortious conduct was sufficiently set forth in Nastasi, where the court found that the defendant was aware of a business relationship, and intentionally interfered with the relationship through improper means (see id. at 809). New York State courts have also recognized the cause of action of aiding and abetting as applying to other forms of tortious conduct (see Cedeno v Pacelli, 192 AD3d 533 [1st Dept 2021] [defamation]; Rodriguez v City of New York, 35 AD3D 702 [2d Dept 2006] [assault]; Wilson v DiCaprio, 278 AD2d 25 [1st Dept 2000]). Here, it has already been determined that plaintiff has satisfied pleading the elements of tortious conduct; she also sufficiently alleges that Brown knew or should have known that such conduct was occurring and that, even if not doing so himself, Brown gave substantial assistance to Calcetas. Accordingly, the motion to dismiss the fourth cause of action is denied.
The fifth cause of action alleges intentional interference with prospective business relations. "To set forth a cause of action sounding in tortious interference with business relations, a plaintiff is required to plead 'that the defendant interfered with the plaintiff's business relationships either with the sole purpose of harming the plaintiff or by means that were unlawful or improper' " (Long Island Thoracic Surgery, P.C. v Building Serv. 32BJ Health Fund, 215 AD3d 942 [2d Dept 2023], quoting Tri-Star Light Corp. v Goldstein, 151 AD3d 1102 [2d Dept 2017]; see also Stuarts's LLC v Edelman, 196 AD3d 711 [2021]). "This standard is met where the interference with prospective business relations was accomplished by wrongful means or where the offending party acted for the sole purpose of harming the other party" (id. at 713). A defendant's conduct must rise to the level of "a crime or an independent tort" (id. at 713-714). Here, the Court has already determined that tortious conduct has been sufficiently alleged and that plaintiff's allegations as to Brown's actions sufficiently assert the wrongful and malicious intent to harm plaintiff's business interests, which did allegedly cost plaintiff business opportunities. Accordingly, the motion to dismiss the fifth cause of action is denied. 
Finally, Brown seeks dismissal of plaintiff's sixth claim of tortious interference with a contract and prospective business advantage. "The elements of a cause of action to recover damages for tortious interference with a contract are the existence of a valid contract with a third party, the defendant's knowledge of that contract, the defendant's intentional and improper procuring of a breach, and damages" (Rose v Different Twist Pretzel, 186 AD3d 631 [2d Dept 2020]; see also Arnone v Burke, 211 AD3d 998; Nero v Fiore, 165 AD3d 823 [2d Dept 2018]). Plaintiff alleges that through her relationship with Brown, he became aware of her business [*5]structure and the impending sale to a third party. Plaintiff claims that she had already turned over the website to her cosmetic company, along with social media pages and inventory, but that as a result of Brown's actions, the potential purchaser, allegedly M.S., broke off relations in that it did not want to be involved in plaintiff's "personal problems" (see Grocery Leasing Corp. v P & C Merrick Realty Co., LLC, 197 AD3d 628 [2d Dept 2021]; Petric & Assoc's, Inc. v Travelers Cas. and Sur Co., 196 AD3d 520 [2d Dept 20201]). Taken together, the court finds these allegations set forth the requisite elements for the cause of action of tortious interference with a contract and prospective business advantage, and as such, dismissal of the claim is denied.
In accordance with the foregoing, it is hereby ORDERED that Brown's motion is granted in part, and denied in part; and it is further
ORDERED that Brown's motion to dismiss is granted solely to the extent that the first cause of action, alleging violation of New York City Administrative Code §10-180, is dismissed; and it is further
ORDERED that the remaining branches of Brown's motion to dismiss are otherwise denied; and it is further
ORDERED that any requested relief and/or remaining contentions not expressly addressed herein have nonetheless been considered and are hereby expressly rejected; and it is further
ORDERED that Brown shall serve, via NYSCEF, a copy of this Order with Notice of Entry, within seven (7) days from the date of entry.
This constitutes the Decision and Order of this Court.
Dated: September 27, 2024
PHILLIP HOM, J.S.C.