Order, Supreme Court, New York County (Ellen M. Coin, J.), entered on or about May 18, 2012, which granted defendants’ motion to dismiss the complaint, unanimously affirmed, without costs.
Defendant Whittle’s statement that plaintiff was “deliberately sabotaging” defendant ALM Media, LLC’s IT redesign project was protected by the common-interest privilege because it constituted a communication “made to persons who have some common interest in the subject matter” (Foster v Churchill, 87 NY2d 744, 751 [1996]), namely, the people working on the IT system redesign. The statement is also protected as one made by a “management employee [ ] having responsibility to report on the matter in dispute” (Murganti v Weber, 248 AD2d 208, 209 [1st Dept 1998]; see Dillon v City of New York, 261 AD2d 34, 38 [1st Dept 1999]). Plaintiffs allegations of malice, in an effort to overcome the common-interest privilege, amount to little more than “mere surmise and conjecture” (Weiss v Lowenberg, 95 AD3d 405, 406 [1st Dept 2012]).
Plaintiffs tortious interference claims against Whittle were also properly dismissed. “It is well established that only a stranger to a contract, such as a third party, can be liable for tortious interference with a contract” (Koret, Inc. v Christian Dior, S.A., 161 AD2d 156, 157 [1st Dept 1990], lv denied 76 NY2d 714 [1990]; see Baker v Guardian Life Ins. Co. of Am., 12 AD3d 285 [1st Dept 2004]). Whittle was not a stranger to plaintiffs contract with ALM as he was one of ALM’s executives.
We have considered plaintiffs remaining arguments and find them unavailing. Concur — Gonzalez, P.J., Mazzarelli, Andrias and DeGrasse, JJ.