684 E. 222nd Realty Co., LLC v Sheehan (2020 NY Slip Op 04136)





684 E. 222nd Realty Co., LLC v Sheehan


2020 NY Slip Op 04136


Decided on July 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
COLLEEN D. DUFFY
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2017-02021
 (Index No. 605109/16)

[*1]684 East 222nd Realty Co., LLC, et al., respondents,
v
John Sheehan, appellant.


Barnes & Barnes, P.C., Melville, NY (Matthew J. Barnes and Ryan J. McMahon of counsel), for appellant.
Westerman Ball Ederer Miller Zucker & Sharfstein, LLP, Uniondale, NY (Jeffrey A. Miller of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for abuse of process, the defendant appeals from an order of the Supreme Court, Suffolk County (Jerry Garguilo, J.), dated November 16, 2016. The order, insofar as appealed from, denied that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging tortious interference with business relations.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging tortious interference with business relations is granted.
The plaintiffs commenced this action against the defendant to recover damages for abuse of process, tortious interference with business relations, and prima facie tort. The defendant moved, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging tortious interference with business relations. By order dated November 16, 2016, the Supreme Court, among other things, denied that branch of the defendant's motion. The defendant appeals.
On a motion to dismiss pursuant to CPLR 3211(a)(7), the complaint is to be afforded a liberal construction (see CPLR 3026). "[T]he facts as alleged in the complaint must be accepted as true, the plaintiff is accorded every possible favorable inference, and the court's function is to determine only whether the facts as alleged fit within any cognizable legal theory" (Mendelovitz v Cohen, 37 AD3d 670, 671; see Belling v City of Long Beach, 168 AD3d 900, 901).
To prevail on a cause of action to recover damages for tortious interference with business relations, a plaintiff must prove that it had a business relationship with a third party, that the defendant knew of that relationship and intentionally interfered with it, that the defendant's actions were motivated solely by malice or otherwise constituted illegal means, and that the defendant's interference caused injury to the plaintiff's relationship with the third party (see Tri-Star Light. Corp. v Goldstein, 151 AD3d 1102, 1106; Amaranth LLC v J.P. Morgan Chase & Co., 71 AD3d 40, 47). Here, the complaint fails to sufficiently allege that the defendant's actions were motivated solely by malice or otherwise constituted illegal means (see Carvel Corp. v Noonan, 3 [*2]NY3d 182, 191; Law Offices of Ira H. Leibowitz v Landmark Ventures, Inc., 131 AD3d 583, 585-586). Accordingly, we disagree with the Supreme Court's determination denying that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging tortious interference with business relations.
The defendant's remaining contentions either need not be reached in light of our determination, or are not properly before this Court.
BALKIN, J.P., DUFFY, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court