Delanerolle v St Catherine of Sienna Med. Ctr. (2024 NY Slip Op 05201)

Delanerolle v St Catherine of Sienna Med. Ctr.

2024 NY Slip Op 05201

Decided on October 23, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 23, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2022-08519
 (Index No. 601376/21)

[*1]Suranganee Delanerolle, respondent, 
v
St Catherine of Sienna Medical Center, et al., appellants.

Ward Greenberg Heller & Reidy LLP, Rochester, NY (Thomas S. D'Antonio and Claire E. Wells of counsel), for appellants.
Creedon & Gill, P.C., Northport, NY (Peter J. Creedon of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for unfair competition, the defendants appeal from an order of the Supreme Court, Suffolk County (Linda Kevins, J.), dated September 22, 2022. The order denied the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint is granted.
The plaintiff commenced this action against the defendants, St. Catherine of Siena Medical Center, sued herein as St Catherine of Sienna Medical Center (hereinafter the Medical Center), and Mickel Khlat, sued herein as Michael Klaht, inter alia, to recover damages for tortious interference with contract and related claims arising out of the Medical Center terminating the plaintiff from participating in stroke rounds. The defendants moved pursuant to CPLR 3211(a) to dismiss the complaint on the ground, among others, that the complaint failed to state a cause of action. The plaintiff opposed the motion. The Supreme Court denied the motion. The defendants appeal.
The Supreme Court should have granted the defendants' motion to dismiss the complaint. On a motion to dismiss pursuant to CPLR 3211(a)(7), the pleading is to be given a liberal construction, the allegations contained within it are assumed to be true, and the plaintiff is to be afforded every favorable inference (see Leon v Martinez, 84 NY2d 83, 87). However, allegations consisting of bare legal conclusions, and factual claims that are inherently incredible, are not entitled to a favorable inference (see Browne v Lyft, Inc., 219 AD3d 445; Everett v Eastchester Police Dept., 127 AD3d 1131). Further, dismissal pursuant to CPLR 3211(a)(7) is warranted when "the plaintiff fails to assert facts in support of an element of the claim, or if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery" (Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 142).
Here, the plaintiff failed to assert facts in support of the elements of an unfair competition cause of action. The plaintiff did not allege any facts that could be construed as palming off or misappropriation, either one of which is a required element of an unfair competition cause of action (see ITC Ltd. v Punchgini, Inc., 9 NY3d 467, 476; APF Mgt. Co., LLC v Munn, 151 AD3d [*2]668, 671; Abe's Rooms, Inc. v Space Hunters, Inc., 38 AD3d 690). Accordingly, the Supreme Court should have granted dismissal of the unfair competition cause of action.
Similarly, the plaintiff failed to assert facts to support the elements of the cause of action alleging tortious interference with contract. Such a cause of action requires allegations of "'the existence of a valid contract between the plaintiff and a third party, defendant's knowledge of that contract, defendant's intentional procurement of the third-party's breach of the contract without justification, actual breach of the contract, and damages resulting therefrom'" (City RE Group, LLC v 2633 Ocean Realty, LLC, 221 AD3d 653, 653, quoting Lama Holding Co. v Smith Barney, 88 NY2d 413, 424). Here, the plaintiff failed to allege the existence of any third-party agreement (see Angeli v Barket, 211 AD3d 896, 898; Ashby v ALM Media, LLC, 110 AD3d 459). Accordingly, the Supreme Court should have granted dismissal of the tortious interference with contract cause of action.
The plaintiff also failed to state a cause of action alleging tortious interference with business relations. "To prevail on a claim for tortious interference with business relations, a party must prove: (1) that it had a business relationship with a third party; (2) that the defendant knew of that relationship and intentionally interfered with it; (3) that the defendant acted solely out of malice or used improper or illegal means that amounted to a crime or independent tort; and (4) that the defendant's interference caused injury to the relationship with the third party" (106 N. Broadway, LLC v Lawrence, 189 AD3d 733, 741). Here, the plaintiff failed to allege facts to indicate that the defendants acted solely out of malice and/or used improper or illegal means in removing her from stroke rounds (see id. at 740; M.J. & K. Co. v Matthew Bender & Co., 220 AD2d 488). Accordingly, the Supreme Court should have granted dismissal of the tortious interference with business advantage cause of action.
The plaintiff also failed to state a defamation cause of action. Here, the plaintiff's allegations were insufficient in that they failed to allege the particular words complained of (see CPLR 3016[a]), the time, place, and manner of publication, or the person or persons to whom the statements were allegedly made (see Tsatskin v Kordonsky, 189 AD3d 1296; Dillon v City of New York, 261 AD2d 34, 38). Accordingly, the Supreme Court should have granted dismissal of the defamation cause of action.
Furthermore, the Supreme Court should have granted those branches of the defendants' motion which were to dismiss the remaining causes of action, since the plaintiff abandoned those causes of action by failing to address them in opposition to the defendants' motion (see Elam v Ryder Sys., Inc., 176 AD3d 675, 676).
The defendants' remaining contention, regarding CPLR 3211(a)(1), is without merit.
DUFFY, J.P., MILLER, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court