| |
|---|
| **Pinell v Target Corp.** |
| 2025 NY Slip Op 31617(U) |
| May 5, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 156615/2024 |
| Judge: Mary V. Rosado |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT: **HON. MARY V. ROSADO**  PART  **33M**

*Justice*

-----------------------------------------------------------------------X

RONALD PINELL, JALEEL SHELL

      Plaintiffs,

     - v -

TARGET CORPORATION, JOHN DOE,

      Defendants.

-----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 156615/2024 |
| MOTION DATE | 08/29/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17

were read on this motion to/for      DISMISSAL     .

Upon the foregoing documents, and after a final submission date of February 25, 2025, Defendant Target Corporation's ("Target" or "Defendant") motion to dismiss Plaintiffs Ronald Pinell ("Pinell") and Jaleel Shell's ("Shell") (collectively "Plaintiffs") Complaint is granted in part and denied in part.

## I.   Background

On September 28, 2023, Plaintiffs, who are African American, were working for non-party Tomco Mechanical LLC ("Tomco") as refrigeration technicians at a Target store at 200 Veterans Road West, Staten Island, New York (the "Store"). While on their lunch break, Plaintiffs browsed the Store for a gift for Pinell's son's birthday. Pinell bought his son a basketball, a hover board, and a go-cart, but later decided to return the hover board and replace it with a less expensive model so he could use the leftover funds to purchase his son a scooter. As alleged in the Complaint, the return of the hoverboard and subsequent purchases took place without issue. At the end of the day, Shell also purchased a scooter, and the two men went home.

156615/2024  PINELL, RONALD ET AL vs. TARGET CORPORATION ET AL     Page 1 of 6
Motion No. 001

1 of 6

Unknown to Plaintiffs, on September 29, 2023, Target's loss prevention department told Tomco that Plaintiffs stole a hoverboard, and that Plaintiffs could no longer work at any Target stores. On October 1, 2023, Tomco fired Plaintiffs. Pinell alleges he reviewed his debit card statement and realized the Target cashier failed to ring up the new hoverboard during his item swap. Plaintiffs sue Target, who responds with a motion to dismiss. Plaintiffs oppose.[1]

## II. Discussion

### A. Standard

When reviewing a pre-answer motion to dismiss for failure to state a claim, the Court must give Plaintiff the benefit of all favorable inferences which may be drawn from the pleadings and determine only whether the alleged facts fit within any cognizable legal theory (*Sassi v Mobile Life Support Services, Inc.*, 37 NY3d 236, 239 [2021]. However, conclusory allegations or claims consisting of bare legal conclusions with no factual specificity are insufficient to survive a motion to dismiss (*Godfrey v Spano*, 13 NY3d 358, 373 [2009]). A motion to dismiss for failure to state a claim will be granted if the factual allegations do not allow for an enforceable right of recovery (*Connaughton v Chipotle Mexican Grill, Inc.*, 29 NY3d 137, 142 [2017]).

### B. Public Accommodation Discrimination

Target's pre-answer motion to dismiss Plaintiffs' New York State and City Human Rights Laws public accommodation discrimination claims is denied. Pursuant to Executive Law § 296(2), it is unlawful for any owner, lessee, or propriety of a public accommodation to deny the "advantages, facilities, or privileges thereof" to anyone based on race. The New York City Human Rights Law similarly makes it illegal for an owner, lessee, or propriety "to refuse, withhold from,

---

[1] Defendant argues that Plaintiff's opposition is untimely and should not be considered. However, the opposition was filed one day late, and this Court deemed the opposition timely *nunc pro tunc* in motion sequence 002 (*see* NYSCEF Doc. 24).

**156615/2024  PINELL, RONALD ET AL vs. TARGET CORPORATION ET AL**       **Page 2 of 6**
**Motion No. 001**

or deny to such person the full and equal enjoyment, on equal terms and conditions.... [the] advantages, services, facilities, or privileges of the place" based on race (NYC Admin. Code § 8-107[4]). To the extent Target argues the statutes are unconstitutionally vague, that argument is without merit, as the discrimination arose while Plaintiffs were shopping on their lunch break, as members of the public. The statutes are frequently applied to prohibit discrimination against the customers entering public accommodations to purchase goods and services (*see, e.g. Kouri v Eataly N.Y. LLC*, 199 AD3d 416 [1st Dept 2021]).

Moreover, accepting the allegations as true, as this Court must, Plaintiffs, who are African American, allege public accommodation discrimination because they were racially profiled, accused of stealing merchandise without any questioning or investigation, and barred from ever working in any Target stores again. For purposes of a pre-answer motion to dismiss, Plaintiff is not required to prove discrimination but merely give Defendant fair notice of the discrimination alleged (*Walker v Triborough Bridge and Tunnel Auth.*, 220 AD3d 554 [1st Dept 2023] citing *Petit v Department of Educ. of City of N.Y.*, 177 AD3d 402, 403 [1st Dept 2019]). Here, Plaintiffs have provided the requisite fair notice to survive this pre-answer motion to dismiss (*see also Kaba v Zara USA, Inc.*, 2023 N.Y. Slip Op. 30930[U] at *5-6 [Sup. Ct. NY Co. 2023]). Curiously, Target failed to produce the surveillance footage which may show whether Plaintiffs deliberately stole merchandise, or whether there was a "mix up" when a Target cashier failed to properly ring up Target merchandise.

Moreover, although Defendant proffers a factual non-discriminatory reason for its decision to bar Plaintiffs from working at Target, this factual argument, without the benefit of discovery, is inappropriate on a pre-answer motion to dismiss. In any event, Target's "larceny" argument fails to negate the factual issue raised by Pinell's alleged belief the hoverboard was paid for, and the

156615/2024  PINELL, RONALD ET AL vs. TARGET CORPORATION ET AL  Page 3 of 6
Motion No. 001

3 of 6

argument it was Target's own cashier who forgot to ring up the hoverboard. Target also fails to address the fact that Shell was barred from working at Target even though he had previously worked at Target Stores on numerous occasions without incident and it is undisputed he paid for all of his items on the date of the alleged "larceny." Thus, the allegations of racial discrimination stemming from Plaintiffs' shopping experience at Target are sufficient.

## C. Defamation *Per Se*

Target's motion to dismiss Plaintiff's defamation cause of action pursuant to the common interest privilege is denied. Where two individuals have an ongoing business relationship and have an interest in ensuring the business relationship is performed satisfactorily, statements made between the two on an issue related to that relationship are afforded qualified immunity pursuant to the common-interest privilege (*Ashby v ALM Media, LLC*, 110 AD3d 459, 459 [1st Dept 2013]).

To overcome the privilege, there must be allegations to support an inference of malice (*Hammond v Equinox Holdings LLC*, 219 AD3d 406, 407-08 [1st Dept 2023]). On a motion to dismiss, a plaintiff does not need to show evidentiary facts to support allegations of malice (*Arts4All, Ltd. v Hancock*, 5 AD3d 106, 109 [1st Dept 2004]). Malice can be shown under the constitutional standard, which requires that statements were made with a high degree of awareness of their probable falsity, or under the common-law standard, which requires a showing that the statements were made solely out of spite or ill (*Liberman v Gelstein*, 80 NY2d 429, 437-39 [1992]). Under the common-law standard, if the statement was made at least in part to further an interest protected by the qualified privilege, it matters not whether there was some ill will harbored (*Glazier v Harris*, 159 AD3d 581, 582 [1st Dept 2018]). The United States Supreme Court and the New York Court of Appeals have both held that evidence of a defendant purposefully avoiding the truth prior to making a defamatory statement can constitute actual malice (*Sweeney v*

**156615/2024 PINELL, RONALD ET AL vs. TARGET CORPORATION ET AL**
**Motion No. 001**

**Page 4 of 6**

*Prisoners' Legal Services of New York, Inc.*, 84 NY2d 786, 793 [1995] citing *Harte-Hanks Communications, Inc. v Connaughton*, 491 US 657, 692 [1989]).

As this is a pre-answer motion to dismiss without the benefit of discovery, the Court denies the motion to dismiss Plaintiffs' defamation *per se* claim. At this stage, it remains an issue of fact whether Target was merely negligent in failing to properly investigate the alleged shoplifting or whether Target deliberately avoided any investigation into the truth. Indeed, such determinations in analogous cases have been made after discovery was complete (*see, e.g. Carone v Venator Group, Inc.*, 11 AD3d 399 [1st Dept 2004]).

### D.  Tortious Interference with Contractual Relations

The cause of action alleging tortious interference with contractual relations is dismissed. To adequately allege this cause of action, a plaintiff must allege the existence of a contract between the plaintiff and a third-party, defendant's knowledge of the contract, defendant's intentional procurement of the third party's breach of the contract without justification, an actual breach of the contract, and damages (*Lama Holding Co. v Smith Barney Inc.*, 88 NY2d 413, 424 [1996]). The Complaint is devoid of specific facts regarding why or how Tomco breached its contract (*Highland Capital Management, L.P. v Dow Jones & Co., Inc.*, 178 AD3d 572, 574 [1st Dept 2019]; *see also Jones Lang Wootton USA v LeBoeuf, Lamb, Greene & MacRae*, 243 AD2d 168, 183 [1st Dept 1998]). Moreover, the tortious interference alleged is the allegedly defamatory statements, making this cause of action, duplicative of Plaintiffs' defamation claim.

### E.  Intentional Infliction of Emotional Distress

Target's motion to dismiss Plaintiffs' intentional infliction of emotional distress claim is granted. Where an intentional infliction of emotional distress claim is premised on the same allegedly false statements that give rise to a defamation claim, the intentional infliction of

emotional distress claim should be dismissed as duplicative (*Matthaus v Hadjedj*, 148 AD3d 425, 425 [1st Dept 2017]). Therefore, the intentional infliction of emotional distress claim is dismissed (*see also Reeves v Associated Newspapers, Ltd.*, 232 AD3d 10, 15 [1st Dept 2024]).

Accordingly, it is hereby,

ORDERED that Defendant's motion to dismiss is granted solely to the extent that Plaintiffs' fifth cause of action alleging tortious interference with contractual relations and sixth cause of action alleging intentional infliction of emotional distress are dismissed; and it is further

ORDERED that Defendant's motion to dismiss is otherwise denied, and within twenty days of this Decision and Order, Defendant shall serve an Answer to the remaining portions of Plaintiffs' Complaint; and it is further

ORDERED that the parties shall meet and confer and immediately submit a proposed preliminary conference order to the Court via e-mail to SFC-Part33-Clerk@nycourts.gov, but in no event shall the proposed order be submitted no later than September 8, 2025. If the parties have a serious discovery dispute preventing them from submitting a proposed preliminary conference order, they shall appear for an in-person preliminary conference on September 10, 2025 at 9:30 a.m. in Room 442, 60 Centre Street, New York, New York; and it is further

ORDERED that within ten days of entry, counsel for Plaintiffs shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 5/5/2025 | | | | | | *My V R...t  JSC* | |
|----------|--|--|--|--|--|------|--|
| **DATE** | | | | | | **HON. MARY V. ROSADO, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | | x | NON-FINAL DISPOSITION | | |
|------------|--|---------------|--|---|----------------------|--|--|
| | | GRANTED | ☐ DENIED | x | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |