Looks Great Servs., Inc. v Roosevelt (2025 NY Slip Op 03317)

Looks Great Servs., Inc. v Roosevelt

2025 NY Slip Op 03317

Decided on June 4, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 4, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2023-05536
 (Index No. 608337/22)

[*1]Looks Great Services, Inc., appellant,
v
Tweed Roosevelt, et al., respondents.

Cole Schotz P.C., New York, NY (Nolan E. Shanahan, Matthew A. Barish, and Leo D. Bronshteyn of counsel), for appellant.
Windels Marx Lane & Mittendorf, LLP, New York, NY (James Tracy and Michael Moriarty of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for tortious interference with contract, tortious interference with business relations, and conversion, the plaintiff appeals from an order of the Supreme Court, Nassau County (Thomas A. Rademaker, J.), entered May 24, 2023. The order granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the amended complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff responded to a solicitation issued by the National Park Service (hereinafter the NPS) for quotes from experienced professionals to remove a diseased copper beech tree planted by former President Theodore Roosevelt in front of his home at Sagamore Hill, which is now a historic site maintained by the NPS. The statement of work issued with the solicitation, which constituted the contract for the work, specified that the contractor was to cut and remove the tree, grind the stump, and dispose of all debris. The plaintiff bid $0.01, explaining in an email sent to a contracting officer for the NPS that the rationale for the low bid was that the tree had "historic and communal value" and that removing the tree was viewed as "an honor." The plaintiff's bid was accepted.
According to the plaintiff, it subsequently conducted an in-person site visit with a representative of the NPS, at which time the plaintiff advised the NPS representative that it planned to retain and profit from the wood of the tree. The plaintiff alleged that the NPS representative advised that this would not be allowed and that the plaintiff was required to chip the tree and spread the mulch on the trails within Sagamore Hill. The following day, the NPS advised the plaintiff by email not to commence work on the project and that the NPS had concerns about the disposition of the tree. The NPS subsequently retained a third party to remove the tree and cancelled the contract with the plaintiff "for convenience."
The plaintiff thereafter commenced this action against the defendants, Tweed Roosevelt and the Theodore Roosevelt Association, alleging that they had influenced the NPS to unlawfully halt the plaintiff's performance of the tree removal contract so that they could use the wood from the tree themselves. The plaintiff asserted causes of action sounding in tortious [*2]interference with contract, tortious interference with business relations, and conversion. The defendants moved pursuant to CPLR 3211(a) to dismiss the amended complaint. By order entered May 24, 2023, the Supreme Court granted the defendants' motion. The plaintiff appeals.
The elements of tortious interference with a contract are: "(1) the existence of a contract between plaintiff and a third party; (2) defendant's knowledge of the contract; (3) defendant's intentional inducement of the third party to breach or otherwise render performance impossible; and (4) damages to plaintiff" (Kronos, Inc. v AVX Corp., 81 NY2d 90, 94; see Klein v Deutsch, 193 AD3d 707, 709). "[T]he plaintiff must specifically allege that the contract would not have been breached but for the defendant's conduct" (Barry's Auto Body of NY, LLC v Allstate Fire & Cas. Ins. Co., 190 AD3d 807, 810 [internal quotation marks omitted]; see Ferrandino & Son, Inc. v Wheaton Bldrs., Inc., LLC, 82 AD3d 1035, 1036).
Here, the amended complaint merely alleged, in conclusory fashion, that the defendants induced the NPS to breach its contract with the plaintiff and that the contract would not have been breached but for the defendants' conduct. The complaint did not allege any specific conduct undertaken by the defendants for the purpose of inducing the NPS to breach its contract with the plaintiff. Moreover, the plaintiff's own allegations indicated that the NPS independently, and before the defendants' involvement in the matter, expressed concern about the plaintiff's plan to profit from the tree's wood and directed the plaintiff not to commence work. Accordingly, the amended complaint failed to state a cause of action to recover damages for tortious interference with contract (see Klein v Deutsch, 193 AD3d at 710; Kimso Apts., LLC v Rivera, 180 AD3d 1033, 1035; Ferrandino & Son, Inc. v Wheaton Bldrs., Inc., LLC, 82 AD3d at 1036).
A plaintiff seeking damages for tortious interference with prospective business relations must allege "(1) that it had a [prospective] business relationship with a third party; (2) that the defendant knew of that [prospective] relationship and intentionally interfered with it; (3) that the defendant acted solely out of malice or used improper or illegal means that amounted to a crime or independent tort; and (4) that the defendant's interference caused injury to the [prospective] relationship with the third party" (Hersh v Cohen, 229 AD3d 524, 526 [internal quotation marks omitted]; see 684 E. 222nd Realty Co., LLC v Sheehan, 185 AD3d 879, 879-880). Here, the amended complaint failed to sufficiently allege malice or use of illegal means by the defendants or injury to the plaintiff's prospective business relationship with a third party (see 106 N. Broadway, LLC v Lawrence, 189 AD3d 733, 741; 684 E. 222nd Realty Co., LLC v Sheehan, 185 AD3d at 879-880).
To state a cause of action to recover damages for conversion, a plaintiff must allege "(1) legal ownership or an immediate right of possession to a specific identifiable thing and (2) that the defendant exercised an unauthorized dominion over the thing in question to the exclusion of the plaintiff's right" (Giardini v Settanni, 159 AD3d 874, 875; see Halvatzis v Perrone, 199 AD3d 785, 786-787). Here, the plaintiff failed to allege any viable basis on which it could be determined that it had legal ownership of, or an immediate superior right of possession to, the tree, and thus, the plaintiff failed to state a cause of action to recover damages for conversion (see Halvatzis v Perrone, 199 AD3d at 786-787).
The plaintiff's remaining contention need not be reached in light of our determination.
Accordingly, the Supreme Court properly granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the amended complaint.
IANNACCI, J.P., CHRISTOPHER, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court