Harrington v Ortolani (2026 NY Slip Op 01186)

Harrington v Ortolani

2026 NY Slip Op 01186

Decided on March 4, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 4, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
JAMES P. MCCORMACK, JJ.

2023-12117
 (Index No. 525294/22)

[*1]John Harrington, appellant-respondent,
vTheresa Ortolani, respondent-appellant.

Shiryak, Bowman, Anderson, Gill, & Kadochnikov, LLP, Kew Gardens, NY (Matthew J. Routh and Dustin Bowman of counsel), for appellant-respondent.
Smith, Gambrell & Russell, LLP, New York, NY (Christopher Tumulty of counsel), for respondent-appellant.

DECISION & ORDER
In an action, inter alia, to recover damages for defamation, the plaintiff appeals, and the defendant cross-appeals, from an order of the Supreme Court, Kings County (Carolyn E. Wade, J.), dated November 16, 2023. The order, insofar as appealed from, granted those branches of the defendant's motion which were pursuant to CPLR 3211(a) to dismiss the first, second, third, fifth, and sixth causes of action. The order, insofar as cross-appealed from, denied that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the fourth cause of action.
ORDERED that the order is affirmed insofar as appealed from; and it is further,
ORDERED that the order is reversed insofar as cross-appealed from, on the law, and that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the fourth cause of action is granted; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
The plaintiff and the defendant each owned units in a condominium located in Brooklyn (hereinafter the property). In 2017, the defendant became the president of the condominium board (hereinafter the HOA). The property began experiencing leaking and water damage after the plaintiff constructed a rooftop garden and irrigation system on his private roof deck. The HOA brought in a series of inspectors who identified the rooftop garden and irrigation system as the source of the leaks. According to the plaintiff, the defendant thereafter began engaging in a pattern of defamatory and otherwise tortious conduct that allegedly caused injury to the plaintiff and the HOA.
In August 2022, the plaintiff commenced this action asserting causes of action alleging defamation, slander, tortious interference with business relations, breach of fiduciary duty, breach of contract, and for a judgment pursuant to CPLR article 4 predicated on Business Corporation Law § 624 and Real Property Law § 339-w. The defendant subsequently moved pursuant to CPLR 3211(a) to dismiss the complaint. The Supreme Court granted those branches of the defendant's motion which were pursuant to CPLR 3211(a) to dismiss the first, second, third, [*2]fifth, and sixth causes of action and denied that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the fourth cause of action. The plaintiff appeals, and the defendant cross-appeals.
"In considering a motion to dismiss pursuant to CPLR 3211(a)(7), the court is required to accept the facts as alleged in the complaint as true, accord the plaintiffs the benefit of every favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (New Hackensack Realty, LLC v Lawrence Dev. Realty, LLC, 226 AD3d 799, 800-801; see Leon v Martinez, 84 NY2d 83, 87-88). "Where, as here, the parties have submitted evidentiary material to the court, the criterion is whether the proponent of the pleading has a cause of action, not whether he [or she] has stated one" (72 Poplar Townhouse, LLC v Board of Mgrs. of the 72 Poplar St. Condominium, 224 AD3d 645, 646-647 [internal quotation marks omitted]; see Guggenheimer v Ginzburg, 43 NY2d 268, 275).
The Supreme Court properly granted those branches of the defendant's motion which were pursuant to CPLR 3211(a)(7) to dismiss the first and second causes of action. "The elements of a cause of action for defamation are (a) a false statement that tends to expose a person to public contempt, hatred, ridicule, aversion, or disgrace, (b) published without privilege or authorization to a third party, (c) amounting to fault as judged by, at a minimum, a negligence standard, and (d) either causing special harm or constituting defamation per se" (Tsamasiros v Jones, 232 AD3d 816, 817-818 [internal quotation marks omitted]; see Greenberg v Spitzer, 155 AD3d 27, 41; Rosner v Amazon.com, 132 AD3d 835, 837). "A false statement may qualify as defamation per se if it, inter alia, charges another with a serious crime or tends to injure another in his or her trade, business, or profession" (VIP Pet Grooming Studio, Inc. v Sproule, 224 AD3d 78, 90 [internal quotation marks omitted]; see Davidoff v Kaplan, 217 AD3d 918, 920). "The complaint must set forth the particular words allegedly constituting defamation (see CPLR 3016[a]), and it must also allege the time when, place where, and manner in which the false statement was made, and specify to whom it was made" (Nofal v Yousef, 228 AD3d 772, 774 [internal quotation marks omitted]; see Tsamasiros v Jones, 232 AD3d 816, 818). "Truth is an absolute defense to an action based on defamation" (Greenberg v Spitzer, 155 AD3d 27, 41 [internal quotation marks omitted]; see Heins v Board of Trustees of Inc. Vil. of Greenport, 237 AD2d 570, 571). Here, the alleged defamatory statements lacked specificity, constituted statements of opinion without a precise meaning capable of being proven true or false, or were substantially true (see Nofal v Yousef, 228 AD3d at 774; Greenberg v Spitzer, 155 AD3d at 41).
The Supreme Court also properly granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the third cause of action. "To prevail on a cause of action to recover damages for tortious interference with business relations, a plaintiff must prove that it had a business relationship with a third party, that the defendant knew of that relationship and intentionally interfered with it, that the defendant's actions were motivated solely by malice or otherwise constituted illegal means, and that the defendant's interference caused injury to the plaintiff's relationship with the third party" (684 E. 222nd Realty Co., LLC v Sheehan, 185 AD3d 879, 879-880; see Tri-Star Light. Corp. v Goldstein, 151 AD3d 1102, 1106). "This standard is met where the interference with prospective business relations was accomplished by wrongful means or where the offending party acted for the sole purpose of harming the other party" (106 N. Broadway, LLC v Lawrence, 189 AD3d 733, 740 [internal quotation marks omitted]; see Law Offs. of Ira H. Leibowitz v Landmark Ventures, Inc., 131 AD3d 583, 585). "Wrongful means include physical violence, fraud or misrepresentation, civil suits and criminal prosecutions, and some degrees of economic pressure" (106 N. Broadway, LLC v Lawrence, 189 AD3d at 740 [internal quotation marks omitted]; see Guard-Life Corp. v Parker Hardware Mfg. Corp., 50 NY2d 183, 196). Here, among other things, the plaintiff failed to plead facts sufficient to show that the defendant's actions were motivated solely by malice or otherwise constituted wrongful means (see 684 E. 222nd Realty Co., LLC v Sheehan, 185 AD3d at 879-880).
The Supreme Court also properly granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the fifth cause of action. "A violation of bylaws is akin to a breach of contract" (Pascual v Rustic Woods Homeowners Assn., Inc., 134 AD3d 1003, 1005; [*3]see Pomerance v McGrath, 124 AD3d 481, 482; Schoninger v Yardarm Beach Homeowners' Assn., 134 AD2d 1, 6). "To state a claim for breach of a condominium's by-laws, the pleading must allege: (1) the existence of a contract, (2) the plaintiff's performance pursuant to the contract, (3) the defendant's breach of its contractual obligations, and (4) damages resulting from the breach" (Wong v Board of Mgrs. of One Sunset Park Condominium, 84 Misc 3d 1216[A], 2024 NY Slip Op 51456[U], *8 [Sup Ct, Kings County] [internal quotation marks omitted]; see Kollatz v KOS Bldg. Group, LLC, 188 AD3d 1175, 1177). The "participation in a breach of contract will typically not give rise to individual director liability" (Pomerance v McGrath, 124 AD3d 481, 482 [internal quotation marks omitted]; see 72 Poplar Townhouse, LLC v Board of Mgrs. of the 72 Poplar St. Condominium, 224 AD3d at 647). Additionally, "[l]iability for breach of contract does not lie absent proof of a contractual relationship or privity between the parties" (Michael Anthony Contr. Corp. v Queens N.Y. Realty, LLC, 225 AD3d 848, 854 [internal quotation marks omitted]; see Arroyo v Central Islip UFSD, 173 AD3d 814, 816). Here, the plaintiff failed to plead the existence of a contractual relationship or the violation of any contractual duty owed to the plaintiff for which the defendant could be held liable.
The Supreme Court properly directed dismissal of the sixth cause of action, which, in effect, alleged unspecified violations of Business Corporation Law § 624 and Real Property Law § 339-w. Among other things, the plaintiff failed to allege any conduct on the part of the defendant that could be construed as a violation of either provision.
The Supreme Court, however, erred in denying that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) dismiss the fourth cause of action, alleging a breach of fiduciary duty. "In order to establish a breach of fiduciary duty, a plaintiff must prove the existence of a fiduciary relationship, misconduct by the defendant, and damages that were directly caused by the defendant's misconduct" (JOPAL at St. James, LLC v Roxburgh, 231 AD3d 933, 935 [internal quotation marks omitted]; see GMP Fur Trade Fin., LLC v Brenner, 169 AD3d 649, 650). "A cause of action to recover damages for breach of fiduciary duty must be pleaded with particularity under CPLR 3016(b)" (J.D. v Roman Catholic Diocese of Brooklyn, 203 AD3d 880, 882; see WMC Realty Corp. v City of Yonkers, 193 AD3d 1018, 1023). "A fiduciary relationship exists between two persons when one of them is under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relation" (J.D. v Roman Catholic Diocese of Brooklyn, 203 AD3d at 882 [internal quotation marks omitted]; see Song Yong Yu v Envision Physician Servs., LLC, 231 AD3d 1072, 1074). Here, contrary to the determination of the court, the plaintiff failed to plead the existence of a fiduciary relationship between himself and the defendant, and failed to plead with particularity the nature of the defendant's alleged breach of that relationship.
Consequently, the Supreme Court should have granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the fourth cause of action, but properly granted those branches of the defendant's motion which were pursuant to CPLR 3211(a)(7) to dismiss the remainder of the complaint.
CONNOLLY, J.P., WOOTEN, VOUTSINAS and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court